## WILLARD I. BROTHERTON ET AL. V. MAX GOLDMAN AND LOUIS GOLDMAN.

*Trover—Title of plaintiff—Transfer by assignee for benefit of creditors.*

The assignee of an insolvent debtor, after demanding a portion of the assigned property from parties who had received it under a pretended purchase from a stranger to the title, which demand was refused, assigned it, as also his right of action against said parties, to mortgagees of the assignor, who, as also the assignee, honestly believed that the property was covered by the mortgage, in which belief they were mistaken, no other consideration being paid for such assignment. And it is held that the title to the property, and right of action for its conversion, passed to the mortgagees by the assignment, and that the pretended purchasers are not in a position to question the *bona fides* of the transaction.

- Error to Bay. (Cobb, J.) Argued February 4, 1892. Decided February 19, 1892.

Trover. Defendants bring error. Affirmed. The facts are stated in the opinion.

*John L. Stoddard,* for plaintiffs.

*T. A. E. & J. C. Weadock,* for appellants, contended:

1. Only one question is presented, namely, whether the plaintiffs can recover when they show no title to the property in suit, which defendants purchased and paid for from W. J. McCabe, who claimed title to this particular iron from the Detroit, Bay City & Alpena Railroad Company.

2. In trover the right of property is in issue, and the plaintiff must prove property in himself to maintain it; citing *Stephenson v. Little,* 10 Mich. 433; *Ribble v. Lawrence,* 51 Id. 569; and the right he complains of having lost must have been one actually in possession, or a right immediately to take possession, and it is not enough that it be merely a right in action, or a right to take possession at some future day; citing Cooley, Torts, 445.

GRANT, J. Trover for the conversion of a certain quantity of railroad iron. Verdict and judgment for the plaintiffs.

The iron was purchased by one Margaret McMullen in 1885. October 27, 1887, she gave plaintiffs a chattel mortgage covering certain specifically described property, and all property thereafter purchased by her, including property in transit. No question is raised as to the *bona fides* of the mortgage.

August 1, 1889, she made a general assignment for the benefit of her creditors to Stephen P. Flynn. The property in question appeared in the inventory attached to the assignment. In the list of creditors appeared the plaintiffs, with the amount of their debt, and the statement that it was secured by a chattel mortgage on all of the goods and chattels embraced in the inventory. The assignee was unable to find the property, then supposed to be at a station on the Detroit, Bay City & Alpena Railroad, where it had been shipped by Mrs. McMullen's husband to be used in constructing a logging road. The

iron had meanwhile been sold to the defendants by one McCabe, who at the time informed them that he did not own the rails, and did not know to whom they belonged. They took the iron, and converted it to their own use. McCabe had no authority to sell it.

The iron was purchased by Mrs. McMullen before the execution of the mortgage, and was not, therefore, covered by it. The assignee, having learned that defendants received the iron, made a demand upon them for it, but they refused to deliver it. He then assigned it to the plaintiffs, and as well all right of action for the conversion thereof. At the time of this assignment Mr. Flynn had filed his report as assignee and his petition for a final settlement of the estate. No consideration was paid for this assignment to the plaintiffs, and it was made in the honest belief, on the part of both the plaintiffs and the assignee, that their mortgage covered the property.

It is the contention of the defendants that no title passed to the plaintiffs, that they have shown title in a third person, and that, therefore, the plaintiffs cannot recover.

By the assignment to plaintiffs, the title to this property, and the right of action for its conversion, passed to them. The defendants are not in position to question the *bona fides* of the transaction. Neither Mrs. McMullen nor her creditors are here complaining, nor has her assignee taken any steps to avoid the assignment. They are the only ones who can complain. If they choose to ratify the transaction, the de'endants, who are wrong-doers, cannot attack it directly or collaterally.

Judgment affirmed.

The other Justices concurred.